ORIGINAL

CLERK'S OFFICE

MAY 29 2003

By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TERENCE MCPHAUL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| AID ATLANTA, INC.; | ) | |
| and Kim Anderson (in her professional and individual | ) | **1:03-CV-1525** |
| capacity); Elaine Alberti (in her professional and | ) | |
| individual capacity); Larry Williams (in his professional | ) | |
| and individual capacity); Chris Parsons (in his | ) | |
| professional and individual capacity); Amy Richter (in | ) | |
| her professional and individual capacity); Raphael | ) | **WBH** |
| Holloway (in his professional and individual capacity); | ) | |
| and LaTonya Wilkerson (in her professional and | ) | |
| individual capacity), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants AID Atlanta,

Inc. and LaTonya Wilkerson (collectively "Defendants"), hereby remove Civil Action No. 2003-

CV-68053 from the Superior Court of Fulton County, State of Georgia, on the following

grounds:

1.

On or about April 8, 2003, Plaintiff commenced a civil action against AID

Atlanta, Inc. and several individually named defendants, including Wilkerson in the Superior

Court of Fulton County, State of Georgia styled McPhaul v. AID Atlanta, Inc., Civil Action No.

2003-CV-68053 (the "State Action"). Plaintiff improperly served AID Atlanta, Inc. on May 5,

2003. Wilkerson was properly served a copy of the Summons and Complaint on May 1, 2003.

The Summons and Complaint constitutes all process, pleadings and orders served on Defendants

AID Atlanta and Wilkerson in the State Action, a copy of which is attached hereto as Exhibit "A."

2.

This Notice of Removal is timely filed within thirty (30) days of proper service of a defendant as required under 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stinging, Inc., 526 U.S. 344, 347-348 (1999).

3.

In his Complaint, the Plaintiff has asserted a claim for failure to pay overtime wages claim is governed by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. The State Action therefore asserts a claim arising under laws of the United States and is therefore removable pursuant to 28 U.S.C. § 1441. See Breuer v. Jim's Concrete of Brevard, Inc., 292 F. 3rd 1808, 1309 (11th Circuit 2002). The Court has supplemental jurisdiction over the remaining claims in the State Action pursuant to 28 U.S.C. § 1367.

4.

Defendants are contemporaneously filing with this Notice of Removal, a Notice of Filing Notice of Removal with the Clerk of the Superior Court of Fulton County, Georgia, informing the Clerk that this Civil Action has been removed to the United States District Court for the Northern District of Georgia.

WHEREFORE, Defendants pray the Civil Action be removed from the Superior Court of Fulton County, Georgia to this Court.

This 27th day of May, 2003.

Respectfully submitted,

JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, GA 30303-1226
T: 404-525-8200


C. Dan Wyatt, III
Georgia Bar No. 778915
ATTORNEYS FOR DEFENDANTS

3

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TERENCE MCPHAUL,                                              )
                                                             )
    Plaintiff                                            )
                                                             )
                                                             ) Civil Action No.
    vs.                                                  ) _____
                                                             )
AID ATLANTA, INC.;                                           )
    and Kim Anderson (in her professional and individual )
    capacity); Elaine Alberti (in her professional and   )
    individual capacity); Larry Williams (in his professional )
    and individual capacity); Chris Parsons (in his      )
    professional and individual capacity); Amy Richter (in )
    her professional and individual capacity); Raphael   )
    Holloway (in his professional and individual capacity); )
    and LaTonya Wilkerson (in her professional and       )
    individual capacity),                                 )
                                                             )
    Defendants                                           )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have served Plaintiff with the foregoing **NOTICE OF REMOVAL** by causing a copy to be sent via Certified Mail, Return Receipt Requested to:

> Terence McPhaul
> 300 Peachtree St., N.E., Unit 17F
> Atlanta, GA  30308

This 29th day of May, 2003.

_____
C. Dan Wyatt, III

**IN TH. ,UPERIOR COURT OF FULTON CC     TY**

**STATE OF GEORGIA**

Terence McPhail _____

_____

_____
                        **PLAINTIFF**

CIVIL ACTION, NUMBER __2003 CV 6853__

VS.

A.. f? a>t   2'. a.'
_____

_____
                        **DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of __Feb__ _____ , 19____

Juanita Hicks
Clerk of Superior Court

By _____
                    Deputy Clerk

To Defendant upon whom this petition is served:

This copy of complaint and Summons was served upon you _____ 19____ .

_____ Deputy Sheriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.



6009-082-685

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _2003 CV 68053_

Date Filed _4/08/03_

SUPERIOR COURT

GEORGIA, FULTON COUNTY

_Teresa McPhail_

Attorney's Address

_Teresa McPhail_
_300 Peachtree St, N.E, 17F_
_Atlanta GA 30308_

Plaintiff

VS.

Name and Address of Party to be Served

_Glen Patton for AID Atlanta_
_Aston + Bird 1201 W. Peachtree St NE_
_Atlanta, GA 30309_          _42 FL_

_AID Atlanta, et al_

Defendant

FILED IN OFFICE

MAY 0 8 2003

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant                              , personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant                                   by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of                                         described as follows
age, about          years; weight, about          pounds; height, about          feet and          inches, domiciled at the residence of
defendant.

**CORPORATION**

Served the defendant _Aid Atlanta_                                                a corporation
by leaving a copy of the within action and summons with _Glenn Patton_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant
not to be found in the jurisdiction of this Court.

This _5_ day of _May_ _2003_

_Cpl H. Mathis 1323_
DEPUTY

SHERIFF DOCKET          PAGE
WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT                                          SSC-85-2

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _2003 CV68853_

Date Filed _4/03/03_

**SUPERIOR COURT**

**GEORGIA, FULTON COUNTY**

_Terence Michael_

_____ **Plaintiff**

Attorney's Address

Terence Michael
30 Peachtree St., N.E. 170
Atlanta GA 30303

VS.

_AD Atlanta et al_

Name and Address of Party to be Served

_LaTonya Wilkerson_
_1438 w Peachtree St ww 300_
_Atlanta GA 303-_

_____ **Defendant**

FILED IN OFFICE
MAY 0 5 2003
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant LATONYA WILKERSON 0925 AM personally with a copy of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant not to be found in the jurisdiction of this Court.

This _15_ day of _MAY_ , 2003 _____

_____ **DEPUTY**

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK  CANARY-PLAINTIFF  PINK-DEFENDANT                                    SSC-85-2

l

# IN THE SUPERIOR COURT OF FULTON COUNTY STATE OF GEORGIA

Terence McPhaul,                                      )
**Plaintiff**                                          )
                                                       )
Vs.                                                    )        **CIVIL ACTION NO.**
                                                       )
AID Atlanta Inc.;                                      )        ℒ℈ℴℴ℈℥ 2003 CV 68053
and                                                    )
Kim Anderson                                           )
(in her professional and individual capacity);        )
Elaine Alberti                                         )
(in her professional and individual capacity);        )
Larry Williams                                         )
(in his professional and individual capacity);        )
Chris Parsons                                          )       ┌─────────────────────┐
(in his professional and individual capacity);        )       │  FILED IN OFFICE    │
Amy Richter                                            )       │  ┌───────────────┐  │
(in her professional and individual capacity);        )       │  │  APR - 8 2003 │  │
Raphael Holloway                                       )       │  └───────────────┘  │
(in his professional and individual capacity);        )       │ DEPUTY CLERK SUPERIOR COURT │
and                                                    )       │   FULTON COUNTY, GA │
LaTonya Wilkerson                                      )       └─────────────────────┘
(in her professional and individual capacity)         )
**Defendants**                                         )

## COMPLAINT FOR DAMAGES

   COMES NOW, Terence McPhaul, Plaintiff in the above-captioned action, and for his complaint against the defendants above named, respectfully shows the court as follows:

COUNT I

(1)

   The Defendant, AID Atlanta Incorporated, is incorporated and existing pursuant to the laws of the State of Georgia, and having a registered agent for service of process in the State of Georgia, to wit, and said defendant is, therefore, subject to the jurisdiction of this court, and venue in this court is proper. And Co-Defendants Kim Anderson, Elaine Alberti, Chris Parsons, Larry Williams, Amy Richter, Raphael Holloway and LaTonya Wilkerson are all current or former employees of the corporate Defendant named above, and committed acts individually and professionally while working in the State of

Georgia, and Kim Anderson, Elaine Alberti, Chris Parsons, Larry Williams, Amy
Richter, Raphael Holloway and LaTonya Wilkerson are subject to the jurisdiction of this
court, and venue in this court is proper.

(2)

Plaintiff further shows that the exercise of this court's jurisdiction over the person
of said defendants is proper in that it did, through its agents and employees, commit a
series of illegal, and/or tortuous, and/or depraved acts within this state against plaintiff,
resulting in the injuries to plaintiff hereinafter described.

(3)

Plaintiff is a citizen of the United States, and is a resident and domiciliary of the
State of Georgia.

(4)

AID Atlanta employed Plaintiff from April 16, 1996 until December 2002.
Plaintiff was wrongfully terminated from employment because Plaintiff made on-going
reports regarding AID Atlanta's constant efforts to defraud funding agencies, and AID
Atlanta's deliberate and consistent efforts to place its HIV/AIDS clients in situations, that
did or could cause them physical and/or emotional harm. AID Atlanta had officially
adopted the Code of Ethics of the National Association of Social Workers, and all
employees were required to follow the code, but when Plaintiff adhered to the code by
tactfully mentioning blatant violations, Plaintiff was seen as a threat to the AID Atlanta
staff; specifically managers who actively engaged in fraud, and were then promoted to
higher positions of authority. Also, Raphael Holloway, Larry Williams and Kim
Anderson felt that Plaintiff's positive notoriety in the HIV/AIDS community was causing
questions to be asked regarding the qualifications of LaTonya Wilkerson, and why
Plaintiff was not awarded the Housing Group Manager position when Plaintiff applied.

(5)

From the time Plaintiff was hired in 1996, and continuing from that time, Plaintiff
was assured that Plaintiff would be treated fairly with respect to being considered for
available positions of management. In 2001, a Housing Group Manager position became
available. Plaintiff was assured that he would be treated fairly with respect to being
considered for the available position. LaTonya Wilkerson was hired for the Housing
Group Manager position. Plaintiff had more education, more experience, and a better
reputation in the HIV/AIDS housing community than Wilkerson, but Wilkerson was
intimately associated with one of the three people who hired her Raphael Holloway
(Group Manager). The others involved in hiring Wilkerson included Amy Richter(Group
Manager) and Chris Parsons(then Human Resources Manager). Chris Parsons was twice
provided with Plaintiff's resume, and twice Parsons reported it lost. In effect the actions
were a Conspiracy preventing Plaintiff from acquiring a management position within

AID Atlanta. Amy Richter informed Plaintiff that LaTonya Wilkerson was hired for the position because she had more education and experience than Plaintiff. Later Amy Richter would confess that Plaintiff's resume was never used during the hiring process.

(6)

After Plaintiff was terminated, Plaintiff was forced to sign an agreement with AID Atlanta, that was designed by Kim Anderson (Executive Director), Elaine Alberti (Human Resources Manager), and Larry Williams (Client Services Director); and the agreement had to be signed before Plaintiff was allowed to have his final paycheck. This caused Plaintiff significant financial and emotional hardship because Plaintiff's employment was terminated while Plaintiff was on sick-leave prior to a scheduled vacation.

(7)

Plaintiff, after being terminated entered into an agreement in which Defendants would not make any negative statements about Plaintiff and vice versa. Since that agreement members of the AID Atlanta management team have breached the agreement by entering into conversations with the intent to defame the character of Plaintiff, and Defendants have made deliberate attempts to change the relationships that Plaintiff has with other Community Based Organizations. Plaintiff was said to be as an African American male "too professional", and it was stated that Plaintiff would cause African American run agencies "difficulty" if Plaintiff were to become employed.

(8)

Upon Plaintiff's termination from employment with AID Atlanta, Plaintiff learned that he was, according to Plaintiff's legal rights, entitled to overtime pay. AID Atlanta currently owes Plaintiff $20,000 in overtime pay. During Plaintiff's employment with AID Atlanta, Plaintiff was told that the law did not provide for overtime pay for Plaintiff's position. AID Atlanta deliberately defrauded Plaintiff by providing false information regarding overtime pay.

(9)

The actions of defendants, renders defendants liable to Plaintiff for Wrongful Termination and Breach Of Contract.
WHEREFORE, as to Count One of this Complaint, Plaintiff prays:
   (a)   That summons issue in terms of the law to the defendants named herein;
   (b)   That plaintiff be awarded damages from these defendants in an amount not less than $4,000,000.00;
   (c)   That Plaintiff have a trial by jury; and
   (d)   That Plaintiff have such other and further relief as to the court may appear just and equitable.

4

## COUNT II

### (10)

Plaintiff incorporates in this Count II the allegations of Paragraphs 1 through 9 of Count I, above.

### (11)

Defendants in their wanton, voluntary and intentional wrong, the natural result of which caused wounded feelings in the Plaintiff, and defendants are therefore liable to the Plaintiff for damages for the intentional infliction of emotional distress, and the actions of the Defendants were so heinous and insulting as to humiliate and embarrass Plaintiff, and to prevent Plaintiff from finding gainful employment.

### (12)

WHEREFORE, as to Count Two of this complaint, Plaintiff prays:
- (a) That summons issue in terms of the law to the defendants named herein;
- (b) That plaintiff be awarded damages from these defendants in an amount not less than $2,000,000.00;
- (c) That Plaintiff have a trial by jury; and
- (d) That Plaintiff have such other and further relief as to the court may appear just and equitable.

## COUNT III

### (13)

Plaintiff incorporates into this Count III the allegations of Paragraphs 1 through 12 of Counts I and II, above.

### (14)

This action is for damages to the plaintiff for libel, slander and defamation of character.

### (15)

The defendants are corporations organized and existing pursuant to the laws of the State of Georgia. Defendants include individuals employed and committing acts listed in this complaint, in Fulton County Georgia and, therefore, pursuant to the laws of the State of Georgia

### (16)

All of the actions committed herein by Defendants are through their agents and employees and are under color of process of law.

### (17)

Defendants, through agents, engaged in a continuing pattern of behavior designed to damage the personal and professional reputation of plaintiff.

### (18)

LaTonya Wilkerson, Raphael Holloway, Amy Richter and Larry Williams stated to AID Atlanta's clients, employees and other organizations that Plaintiff was fired from AID Atlanta for breaking AID Atlanta's employment rules, and in at least two cases stated to individuals, including those outside of the employ of AID Atlanta, that Plaintiff breached a client's confidentiality, which is untrue.

### (19)

The actions of defendants in falsely and maliciously publishing to others, information that Plaintiff breached a client's confidentiality, and violated AID Atlanta employment rules which resulted in Plaintiff's firing from his position as an HIV/AIDS Case Manager were completely unprivileged and resulted in direct and collateral damage to the plaintiff's good name and reputation, and the defendants are therefore liable for defamation of character, libel, and slander.

WHEREFORE, as to Count Three of this Complaint, Plaintiff prays:
  (a)   That summons issue in terms of the law to the defendants named herein;
  (b)   That plaintiff be awarded damages from the defendants in an amount not less than $4,000,000.00;
  (c)   That Plaintiff have a trial by jury; and
  (d)   That Plaintiff have such other and further relief as to the court may appear just and equitable.

### (20)

Plaintiff expressly reserves the right to amend this complaint.

I swear and affirm under penalty of perjury, that the foregoing is true for the above-captioned action. Signed this 8th day of April, 2003.

Terence McPhaul, Plaintiff Pro Se
300 Peachtree Street, N.E., Unit 17F
Atlanta, Georgia 30308
(404) 584-7623

## CERTIFICATE OF SERVICE

This is to certify that I have on this day defendants have been on this day served in the above-captioned action via Certified Mail, this 8th day of April 2003 to wit:

Glenn Patton
Alston & Bird
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309

Kim Anderson
AID Atlanta
1438 West Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

Elaine Alberti
AID Atlanta
1438 West Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

Chris Parsons
AID Atlanta
1438 West Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

Larry Williams
AID Atlanta
1438 West Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

Amy Richter
AID Atlanta
1438 west Peachtree Street, N.W,
Suite 100
Atlanta, Georgia 30309

Raphael Holloway
AID Atlanta
1438 West Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

LaTonya Wilkerson
AID Atlanta
1438 west Peachtree Street, N.W.
Suite 100
Atlanta, Georgia 30309

Signed: _____

Terence McPhaul, Plaintiff Pro Se