# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERENCE MCPHAUL,<br><br>    Plaintiff<br><br>vs.<br><br>AID ATLANTA, INC.;<br>    and Kim Anderson (in her professional and individual<br>    capacity); Elaine Alberti (in her professional and<br>    individual capacity); Larry Williams (in his professional<br>    and individual capacity); Chris Parsons (in his<br>    professional and individual capacity); Amy Richter (in<br>    her professional and individual capacity); Raphael<br>    Holloway (in his professional and individual capacity);<br>    and LaTonya Wilkerson (in her professional and<br>    individual capacity),<br><br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No.<br>1:03-CV-1525 **WBH** |

## ANSWER AND COUNTERCLAIMS OF AID ATLANTA, INC.

COMES NOW AID Atlanta, Inc. ("AID Atlanta") by and through its undersigned

counsel and answers the Complaint For Damages (also referred to as "Complaint"), states its

affirmative and other defenses and asserts counterclaims as follows:

## COUNT I

### 1.

Answering Paragraph 1, AID Atlanta admits it is incorporated and exists pursuant

to the laws of the State of Georgia and that it has a registered agent for service of process in the

State of Georgia.  AID Atlanta denies, however, that its registered agent has been properly

served with process in this action and therefore denies that personal jurisdiction over AID

Atlanta has been perfected. AID Atlanta, Inc. admits that Kim Anderson, Elaine Alberti, Larry Williams, Chris Parsons, Amy Richter, Raphael Holloway and LaTonya Wilkerson (collectively, "the individual defendants") are current or former employees of AID Atlanta. Further, AID Atlanta acknowledges that Plaintiff has alleged that Kim Anderson, Elaine Alberti, Larry Williams, Chris Parsons, Amy Richter, Raphael Holloway and LaTonya Wilkerson are subject to jurisdiction and venue of the Superior Court of Fulton County, Georgia. However, AID Atlanta denies that Kim Anderson, Elaine Alberti, Larry Williams, Chris Parsons, Amy Richter or Raphael Holloway have been properly served with process in this action and denies that personal jurisdiction over the individual defendants has been perfected. Further, to the extent an alleged basis for jurisdiction and venue over AID Atlanta and the individual defendants gives rise to any inference that AID Atlanta or any of the individual defendants has acted unlawfully or that Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied. AID Atlanta denies any remaining allegations in Paragraph 1.

**2.**

Answering Paragraph 2, AID Atlanta denies that it or any of the individual defendants has committed any illegal and/or tortious, and/or depraved acts within this state against Plaintiff and denies that Plaintiff has suffered any injuries from any alleged unlawful conduct. AID Atlanta further acknowledges that Plaintiff again asserts that jurisdiction is proper. To the extent, however, that Plaintiff's assertion of a basis for jurisdiction over AID Atlanta or any of the individual defendants gives rise to any inference that AID Atlanta or any of the individual defendants has acted unlawfully or that Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied. AID Atlanta denies any remaining allegations in Paragraph 2.

2

**3.**

AID Atlanta is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.

**4.**

Answering Paragraph 4, AID Atlanta admits that Plaintiff is a former employee of AID Atlanta who was employed from on or about April 16, 1996 to on or about December 2002. AID Atlanta further admits that it adheres to the Code of Ethics of the National Association of Social Workers. AID Atlanta denies the remaining allegations in Paragraph 4.

**5.**

Answering Paragraph 5, AID Atlanta admits that in 2001 a Housing Group Manager position became available and that the position was awarded to LaTonya Wilkerson. AID Atlanta further admits that Ms. Wilkerson received the promotion because she was the most qualified candidate for the position based on her education, experience, performance and interview. AID Atlanta also admits that Plaintiff was fairly considered for the Group Manager Position. AID Atlanta denies that Plaintiff had more education, more experience, and a better reputation in the HIV/Housing Community than AID Atlanta. AID Atlanta also denies that Raphael Holloway, Amy Richter or Chris Parsons hired Ms. Wilkerson. AID Atlanta denies that there was a conspiracy to prevent Plaintiff from acquiring a management position within AID Atlanta and denies the remaining allegations in Paragraph 5.

**6.**

The allegations in Paragraph 6 are denied.

**7.**

Answering Paragraph 7, AID Atlanta admits that following Plaintiff's termination, he entered into a binding severance agreement and general release in which Plaintiff and AID Atlanta agreed not to make derogatory statements verbally or in writing concerning the character or reputation of the other.  AID Atlanta denies that it or any of its management employees have breached this agreement and deny the remaining allegations in Paragraph 7.

**8.**

The allegations in Paragraph 8 are denied.

**9.**

The allegations in Paragraph 9 are denied.  Paragraph 9 also includes a prayer for relief requiring neither an admission nor a denial by AID Atlanta.  To the extent, however, the prayer for relief in Paragraph 9 and Plaintiff's request for process to be issued, to be awarded damages and other relief, and his request for a jury trial give rise to any inference that AID Atlanta or any of the individual defendants acted unlawfully or that Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied.

## COUNT II

**10.**

AID Atlanta re-alleges and incorporates by reference herein its responses to Paragraphs 1 through 9 of the Complaint for Damages as though set forth verbatim herein.

**11.**

The allegations in Paragraph 11 are denied.

4

**12.**

Paragraph 12 consists of a prayer for relief with respect to Count II, requiring neither an admission nor denial by AID Atlanta. To the extent, however, the prayer for relief contained in Paragraph 12 and Plaintiff's request for a summons to be issued, his request for damages and other relief and his request for a jury trial give rise to any inference that AID Atlanta or any of the individual defendants acted unlawfully or that Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied.

**COUNT III**

**13.**

AID Atlanta re-alleges and incorporates by reference herein its responses to Paragraphs 1 through 12 of the Complaint for Damages as though set forth verbatim herein.

**14.**

Answering Paragraph 14, AID Atlanta acknowledges that Plaintiff has pled a claim for libel, slander and defamation of character but denies that it or any of the individual defendants have libeled, slandered, or defamed Plaintiff in any way. Further, to the extent that Plaintiff's libel, slander and defamation claim gives rise to any inference that AID Atlanta or any of the individual defendants have acted unlawfully or that Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied.

**15.**

Answering Paragraph 15, AID Atlanta admits it is a corporation organized and existing pursuant to the laws of Georgia. AID Atlanta denies the remaining allegations in Paragraph 15. Further, to the extent the language in Paragraph 15 gives rise to any inference that AID Atlanta or any of the individual defendants committed any unlawful acts or that Plaintiff is

5

entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied.

**16.**

The allegations in Paragraph 16 are denied.

**17.**

The allegations in Paragraph 17 are denied.

**18.**

The allegations in Paragraph 18 are denied.

**19.**

The allegations in Paragraph 19 are denied. Paragraph 19 also includes a prayer for relief requiring neither an admission nor a denial by AID Atlanta. To the extent, however, the prayer for relief in Paragraph 19 and Plaintiff's request a summons to be issued, for damages, and other relief and for a jury trial give rise to any inference that AID Atlanta or any of the individual defendants have acted unlawfully or that Plaintiff is entitled to any remedy of relief from AID Atlanta or any of the individual defendants, such inference is denied.

**20.**

Paragraph 20 purports to be an express reservation by Plaintiff of a right to amend his Complaint, and his sworn statement that all of the information listed in his Complaint is true. These statements require neither an admission nor denial by AID Atlanta. AID Atlanta, however, denies that all the information listed in Plaintiff's Complaint for Damages is true. Further, to the extent that the language in Paragraph 20 of his Complaint gives rise to any inference that AID Atlanta or any of the individual defendants have acted unlawfully or that

6

Plaintiff is entitled to any remedy or relief from AID Atlanta or any of the individual defendants, such inference is denied. AID Atlanta denies any remaining allegations in Paragraph 20.

Unless otherwise specifically admitted herein, AID Atlanta denies any remaining allegations in the Complaint for Damages.

## DEFENSES

### FIRST DEFENSE

The Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred, in whole or in part, based upon the defenses of insufficiency of process and/or insufficiency or service of process.

### THIRD DEFENSE

The Complaint is barred, in whole or in part, based on lack of personal jurisdiction.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff has released the claims he is asserting in this civil action.

### FIFTH DEFENSE

The Complaint is barred, in whole or in part, because all acts or omissions on the part of AID Atlanta was in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor.

7

## SIXTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of payment.

## SEVENTH DEFENSE

The Complaint is barred in whole or in part, because any act or omission on the part of AID Atlanta was in good faith and AID Atlanta had reasonable grounds for believing that any such act or omission was not a violation of the FSLA.

## EIGHTH DEFENSE

The Complaint is barred, in whole or in part, because AID Atlanta has at all times acted reasonably and in good faith with respect to its obligations pursuant to 29 C.F.R. § 516, to make, keep and preserve adequate and accurate records of covered employees and the wages, hours and other conditions and practices of employment at AID Atlanta's work site.

## NINTH DEFENSE

The Complaint is barred, in whole or in part, because pursuant to 29 U.S.C. § 213(a)(1), Plaintiff is exempted from the provisions of §§ 206 and 207 of the FLSA.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, because AID Atlanta paid Plaintiff all wages owed and AID Atlanta has no obligation to pay Plaintiff any amount of the losses or damages alleged.

## ELEVENTH DEFENSE

The Complaint is barred, in whole or in part, as AID Atlanta is entitled to set-off with respect to Plaintiff for the monies paid to Plaintiff for hours that he was actually not working on behalf of AID Atlanta.

## TWELFTH DEFENSE

The Complaint is barred, in whole or in part, because AID Atlanta has not breached any contract – express, implied or otherwise with Plaintiff.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, based upon failure of consideration.

## FOURTEENTH DEFENSE

Plaintiff's claim for breach of contract is barred by the statute of frauds.

## FIFTEENTH DEFENSE

This Complaint is barred, in whole or in part, based upon the parole evidence rule.

## SIXTEENTH DEFENSE

The Complaint is barred, in whole or in part, because Defendant's performance under any contract that exists was excused as a result of Plaintiff's own breach of any contract with AID Atlanta.

## SEVENTEENTH DEFENSE

The Complaint is barred, in whole or in part, because there was no privity of contract between the parties.

## EIGHTEENTH DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

## NINETEENTH DEFENSE

The Complaint is barred, in whole or in part, based on Plaintiff's at-will employment relationship.

### TWENTIETH DEFENSE

Plaintiff is not entitled to the relief he seeks because of his failure to mitigate his alleged damages.

### TWENTY-FIRST DEFENSE

The Complaint is barred, in whole or in part, based on the applicable statute of limitations and of the doctrine of laches .

### TWENTY-SECOND DEFENSE

The Complaint is barred, in whole or in part, by estoppel and waiver.

### TWENTY-THIRD DEFENSE

The Complaint is barred, in whole or in part, due to Plaintiff's unclean hands.

### TWENTY-FOURTH DEFENSE

Plaintiff's defamation claim is barred, in whole or in part, because the alleged statements forming the basis of Plaintiff's defamation claim are true.

### TWENTY-FIFTH DEFENSE

Plaintiff's defamation claim is barred, in whole or in part, based on Plaintiff's self-publication of the alleged defamatory statements.

### TWENTY-SIXTH DEFENSE

Plaintiff's defamation claim is barred, in whole or in part, because the communication that forms the purported basis of the alleged defamation was never published to third parties.

### TWENTY-SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because all actions taken by Defendants were taken in good faith. No acts attributed to Defendants were taken with malice or willfulness.

### TWENTY-EIGHTH DEFENSE

Plaintiff's defamation claim is barred, in whole or in part, based on the doctrine of privilege and qualified privilege.

### TWENTY-NINTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff has failed to plead the elements of a fraud claim with particularity.

### THIRTIETH DEFENSE

The Complaint is barred, in whole or in part, because Defendants have made no misrepresentations of material fact.

### THIRTY-FIRST DEFENSE

The Complaint is barred, in whole or in part, because any alleged misrepresentation by Defendants was not made with the intent to defraud or to deceive Plaintiff nor were they made with reckless disregard for the truth.

### THIRTY-SECOND DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's reliance on any alleged misrepresentation by Defendants was not reasonable.

### THIRTY-THIRD DEFENSE

The Complaint is barred, in whole or in part, because any alleged misrepresentation by Defendants did not cause Plaintiff to suffer any legal cognizable damages.

### THIRTY-FOURTH DEFENSE

The Complaint is barred, in whole or in part, because any alleged statements made by Defendants were true statements of existing fact or statements of opinion.

### THIRTY-FIFTH DEFENSE

The Complaint is barred, in whole or in part, because AID Atlanta cannot be held responsible for any tortious conduct on behalf of its employees because, even if such acts occurred, which is **_denied_**, such would have been beyond the scope of employment and AID Atlanta did not participate in, ratify, or condone any such acts.

### THIRTY-SIXTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff's state law claims are preempted by federal law.

### THIRTY-SEVENTH DEFENSE

The Complaint is barred, in whole or in part, based on the doctrines of collateral estoppel and _res judicata_.

### THIRTY-EIGHTH DEFENSE

The Complaint is barred, in whole or in part, based upon the after-acquired evidence doctrine.

### THIRTY-NINTH DEFENSE

AID Atlanta reserves the right to amend and/or add any additional affirmative defenses or counterclaims which may become known during the course of discovery.

## COUNTERCLAIMS

### I.
### INTRODUCTION

**1.**

These counterclaims are being asserted to recover damages resulting from Plaintiff's unlawful conduct including his breach of contract with AID Atlanta, the defamatory statements that he has made concerning AID Atlanta and its employees and other wrongful conduct.

**2.**

These counterclaims are also brought by AID Atlanta to recover the cost of this action, including reasonable attorneys fees caused by Plaintiff's stubborn litigious and bad faith behavior within the meaning of OCGA § 13-6-11.

### II.
### PARTIES, JURISDICTION AND VENUE

**3.**

According to his Complaint for Damages, Terence McPhaul is a resident of Fulton County, his current residence is 300 Peachtree Street, NE, Unit 17F, Atlanta, GA 30308. Plaintiff may be served by personal service at his residence at 300 Peachtree Street, NE, Unit 17F.

**4.**

Jurisdiction and venue in this Court over the counterclaims is proper because the Court already has jurisdiction of this matter pursuant to federal question jurisdiction and because Plaintiff is a resident within the Northern District of Georgia and because the wrongful acts complained of occurred within the Northern District of Georgia.

13

### III.
### FACTUAL BACKGROUND

**5.**

In or around December 2002, AID Atlanta's management received information that Plaintiff, then employed by AID Atlanta, had breached client confidences, a serious violation of AID Atlanta's policies and procedures.

**6.**

After investigation, AID Atlanta concluded that Plaintiff had breached client confidences and that his separation from AID Atlanta was appropriate and in the best interest of AID Atlanta and its clients, given the circumstances.

**7.**

Following Plaintiff's separation, the parties entered into a severance agreement whereby, in exchange for severance and other valid consideration, Plaintiff agreed to release of all claims against AID Atlanta and its employees.

**8.**

In exchange for consideration AID Atlanta provided Plaintiff, he also promised in the severance agreement not to make any derogatory statements, verbally or in writing, concerning the character or reputation of AID Atlanta or any of its directors, agents, employees or clients.

**9.**

Plaintiff has breached the severance agreement by breaching the release provision and by making false and defamatory statements about AID Atlanta and its employees that are

14

derogatory in nature and that concern the character or reputation of AID Atlanta and/or its employees.

## IV.
## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

**10.**

AID Atlanta incorporates by reference and re-alleges the allegations in Paragraphs 1 through 9 as set forth fully verbatim herein.

**11.**

On or about December 31, 2002, Plaintiff entered into a binding agreement with AID Atlanta.

**12.**

AID Atlanta has complied with all terms of the contract.

**13.**

Plaintiff, however, has breached the terms of the contract resulting in damage to AID Atlanta in an amount to be determined at trial, for which AID Atlanta is entitled to recover.

### COUNT II – DEFAMATION

**14.**

AID Atlanta incorporates by reference and re-alleges the allegations in Paragraphs 1 through 13 as set forth fully verbatim herein.

**15.**

Plaintiff has published false and malicious statements about AID Atlanta and its employees to third parties.

15

**16.**

These false statements include false charges against AID Atlanta with respect to its trade, office or profession calculated to injure AID Atlanta and its employees.

**17.**

In addition, Plaintiff has made defamatory communications consisting of disparaging words, productive of special damages that flow naturally therefrom.

**18.**

These false statements include statements that AID Atlanta and/or its employees are dishonest, unethical, unprofessional, with respect to its trade, and these statements have damaged AID Atlanta. These statements constitute slander *per se* and AID Atlanta need not show special damages.

**19.**

As a result of the defamatory statements made by Plaintiff, AID Atlanta is entitled to recover compensatory, punitive and any other damages provided by law, in an amount to be determined at trial.

## COUNT III – PUNITIVE DAMAGES

**20.**

AID Atlanta incorporates by reference and re-alleges the allegations in Paragraphs 1 through 19 as set forth fully verbatim herein.

**21.**

Plaintiff's conduct involves willful conduct, malice, fraud, wantonness and oppression with specific intent to harm AID Atlanta and/or its employees, or an entire lack of

care, raising a presumption of conscious indifference to the consequences, entitling AID Atlanta to an award of punitive damages pursuant to OGCA § 51-12-5.1.

**22.**

AID Atlanta is entitled to punitive damages in such an amount to be determined at trial as the jury sees fit to award.

## COUNT IV – ATTORNEYS' FEES AND EXPENSE OF LITIGATION

**23.**

AID Atlanta incorporates by reference and re-alleges the allegations in Paragraphs 1 through 22 as set forth fully verbatim herein.

**24.**

Plaintiff has acted, and continues to act, in a manner that is stubbornly litigious, causing AID Atlanta and its employees unnecessary trouble and expense within the meaning of OCGA § 13-16-11; and in bad faith within the meaning of OCGA § 13-6-11, entitling AID Atlanta to recover its cost of this action, including its reasonable attorneys' fees.

## COUNT V – PRAYER FOR RELIEF

**25.**

WHEREFORE, AID Atlanta respectfully requests this Court dismiss Plaintiff's Complaint for Damages, award it costs and attorneys' fees in defending this action and prays for the following relief:

    (a)    That the Court enter judgment in favor of AID Atlanta and against Plaintiff on each and every counterclaim herein;

(b)     That AID Atlanta recover its actual damages as proven at trial pursuant to

        Counts I through V;

(c)     That the Court award AID Atlanta punitive damages in an amount to be

        determined at trial;

(d)     That the Court award AID Atlanta its attorneys' fees and costs of litigation

        pursuant to Count IV;

(e)     That AID Atlanta recover pre-judgment and post-judgment interest as

        provided by law;

(f)     That all costs of this action be cast upon Plaintiff; and

(g)     That AID Atlanta have and recover such other and further relief as the

        Court deems just and proper under the circumstances.

This 2nd day of June, 2003.

                        Respectfully submitted,

                        JACKSON LEWIS LLP
                        1900 Marquis One Tower
                        245 Peachtree Center Avenue, N.E.
                        Atlanta, GA 30303-1226
                        T: 404-525-8200


                        C. Dan Wyatt, III
                        Georgia Bar No. 778915

                        ATTORNEY FOR DEFENDANT
                        AID ATLANTA, INC.

18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERENCE MCPHAUL,<br><br>   Plaintiff<br><br>vs.<br><br>AID ATLANTA, INC.;<br>   and Kim Anderson (in her professional and individual capacity); Elaine Alberti (in her professional and individual capacity); Larry Williams (in his professional and individual capacity); Chris Parsons (in his professional and individual capacity); Amy Richter (in her professional and individual capacity); Raphael Holloway (in his professional and individual capacity); and LaTonya Wilkerson (in her professional and individual capacity),<br><br>   Defendants | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  1:03-CV-1525<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **ANSWER AND COUNTERCLAIMS OF AID ATLANTA, INC.** by causing a copy to be sent via Certified Mail, Return Receipt Requested:

> Terence McPhaul
> 300 Peachtree St., N.E.
> Unit 17F
> Atlanta, GA 30308

This _2d_ day of June, 2003.

C. Dan Wyatt, III